## THOMAS MARTIN & SON *vs.* NAHOA.

---

### ON EXCEPTIONS FROM THE THIRD CIRCUIT.

THE DEFENDANTS being Hawaiians by birth made a contract in writing in the Hawaiian language to work for plaintiffs, who were also of Hawaiian birth.

The Act of June, 1868, required that all contracts between masters and servants where *either* of the contracting parties is of Hawaiian birth, shall be in both Hawaiian and English languages;

HELD, this law did not require that such contract should be made in English where *both* parties were of Hawaiian birth.

Opinion of the Court by McCULLY, J.

The case comes by appeal from a *pro forma* judgment of the Circuit Court of the Third Judicial Circuit, on agreed statements to the effect: 1, that the defendant was under a servant's contract to labor for the plaintiffs, executed prior to the Act of 1880, Chap. 21, and to be controlled by the Act of 1868, referred to below; 2, that the contract was executed in the Hawaiian language only; 3, that the plaintiffs and defendant are of Hawaiian birth and descent.

The controversy is whether the defendant is bound by his contract, in view of the following provision of the Act of 1868, June 23d, to regulate contracts between masters and servants:

"Section 1. All contracts for service between masters and servants, when either of the contracting parties is of Hawaiian birth, shall be written and printed in both the Hawaiian and English languages. No such contracts shall have effect in law when executed in one language only."

What effect has this upon a contract executed in the Hawaiian language only, when all parties are Hawaiians?

Section 12 of the Civil Code embodies a well known rule of construction in these terms.

"One of the most effectual ways of discovering the true meaning of a law, when its expressions are dubious, is by considering the reason and spirit of it, or the cause which induced the Legislature to enact it."

The reason and spirit of this law are obvious to us. Under previous legislation a considerable portion of the Hawaiian male population were bound by labor contracts, for the most part made with residents not of Hawaiian birth, and not written or printed in the Hawaiian language, and this statute was enacted to secure, especially to the Hawaiian contracting

party, a contract which he might know the terms of as to place, time of service, wages, whether with or without board, hours of service, etc., in all of which particulars he might be or claim to be misinformed, if his contract was drawn in the English language.

This was the evil to be remedied. The law also provides for the other contracting party by requiring that the contract shall be also executed in the English language, and this Court has held in Unna *vs.* Kealaula, 3d Haw. Rep., 690, when only one party was a Hawaiian that each version of the contract, Hawaiian and English, must be signed by both parties, and the Hawaiian party may claim the invalidation of his contract when it is not executed in English as well as in his own language. The statute admits no other construction of the phrase "when either of the contracting parties is of Hawaiian birth."

The word "either" is a distributive or alternative term. It carries the meaning that when one of the parties is of Hawaiian birth and the other is not, such contract shall be executed in Hawaiian and English. The negative or excluding force of the word either is equal to its affirmation and including force. For the application of the statute one party must be not Hawaiian, and for him the English is prescribed. If the phrase had been "both or either," or "the contracting parties or either of them," clearly something would have been enacted which this statute does not contain. Two cases would have been provided for, namely, the case of one party being Hawaiian and the other not, and the case of both being Hawaiians. The effect given to the statute by the Court below requires words which are not in it.

The term "either" does not include "both," nor does "both" the greater intend and therefore include the less, "either."

But some doubt has been thrown on the construction we

give to the Act of 1868, by the amendment made to it in 1880, which enacts that the section read as follows:

"Section 1. All contracts for service between masters and servants, where only one of the parties is a native Hawaiian, shall be written or printed in both the Hawaiian and English languages. No such contract shall have any effect in law when executed in one language only, provided that nothing herein contained shall be held or construed to prevent any such contracts being written or printed in the Hawaiian language only when both parties thereto are native Hawaiians."

This simply substitutes "only one" for "either," and adds a proviso against construing "only one" to mean "both."

In our view the statute of 1868 expressed the same thing. It is not a necessary inference that it did not, because it is here enacted in other terms. The reason of the amendment appears in the proviso against a construction which might be made, and as in the case before us has been made, from a failure to properly construe the term "either," for which the latter statute substitutes "only one" as a plainer and equivalent term, and from abundant caution further declares that this is not to be held to mean both. It is an explanatory statute.

Judgment for the plaintiffs and the like judgment in the several cases submitted at the same time between the same plaintiffs and Kaanaana, Kapae and Honolii.

S. B. Dole for plaintiffs.

Honolulu, December 2, 1881.